## COUNTS v. STATE.

No. A-11539. Dec. 12, 1951.

(239 P. 2d 438.)

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error, Henry Dewey Counts, defendant below, was charged by information in the county court of Kiowa county, Oklahoma, with the offense of driving a motor vehicle while under the influence of intoxicating liquor. He was tried by a jury, convicted, his punishment fixed at a fine of $75 and judgment and sentence entered accordingly, from which this appeal has been perfected.

The facts herein as related by the defendant, himself, disclose that early Sunday morning of the 17th of September his wife left and went to Cordell, Oklahoma, that he stayed around the house to do some work. He related that about the middle of the morning some fellows came out to his place and they did some drinking and that he got pretty drunk, that right after dinner they left, and he went to sleep. He had arranged with his wife that that afternoon he would go to Cordell and return her to Hobart, Oklahoma. He said that when he awoke he felt awful, that he thought he had better get up and go to Cordell and meet his wife. He felt so bad he thought a beer would pick him up a little, so he stopped and drank 3 beers, maybe 4 beers. He started to Cordell and got to the Y where the beer tavern was located at the 2-mile corner, and that is where he drank the beer. About 2 miles up the road he got sick, and felt like he was getting drunk again. He went on past the Y, to what is known as the Gotebo 5-mile corner, and decided he would not go to Cordell in this shape. So he said he turned around and started back home. He felt that he had better do something, so he pulled off the side of the road and saw lights coming down the road, and they were getting blurry. He pulled off the side of the road and drove down in the bar ditch, just quit and lay down in the seat. The state's case discloses that the highway patrolman saw him approaching from the north, possibly after he had turned around, and as he came over the rise in the highway he was on the left hand side thereof, and the highway patrolman pulled over to the east shoulder of the road and stopped. As they did this the defendant's car came on, pulling off to an angle off to the west side of the road, and down in the bar ditch. As the defendant approached the highway patrol car, he began to go slower and slower. When the highway patrolman stopped, and went to the defendant's automobile and opened the door, there was a strong odor of intoxicating liquor. The highway patrolman tried to wake the defendant up. The motor to the defendant's automobile was still running in high gear and the lights were on. The highway patrolman removed the defendant from the defendant's automobile and placed him in the patrol car, took him to Hobart and placed him in jail. The highway patrolman testified he was in a very drunken condition. The foregoing things occurred about ten minutes to 2:00 on the morning of September 18, 1950. The next day the patrolman was in the act of bringing the defendant over for arraignment and the defendant made the following statement, "Did I give you any trouble last night", to which the patrolman replied, "No. You kinda hung one on last night, didn't you?" and the defendant said, "My God, yes. I guess I tried to drink all of the beer in Oklahoma". The defendant's contention that the evidence is insufficient to sustain the judgment and sentence is wholly without merit. This court has repeatedly held, that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged the Criminal Court of Appeals will not interfere with the verdict even if there is a sharp conflict in the evidence. Sadler v. State, 84 Okla. Cr. 97, 179 P. 2d 479. There is no conflict in the evidence herein. The defendant's evidence within itself is tantamount to a confession of guilt.

This contention is wholly without merit as are the other contentions of the defendant. The judgment and sentence is accordingly affirmed.

JONES and POWELL, JJ., concur.